UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE E. DAVIS,

        Petitioner,

                              CASE NO. 05-CV-60271-AA
v.                            HONORABLE JOHN CORBETT O'MEARA

BLAINE LAFLER,

        Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## A CERTIFICATE OF APPEALABILITY AND
## GRANTING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner has filed a motion for a certificate of appealability and an application to proceed on appeal *in forma pauperis* concerning the Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.2d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

1

U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having reviewed the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims concerning the admission of other acts evidence, *see Dowling v. United States*, 493 U.S. 342, 352-53 (1990);.*Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003), sentencing errors, *see Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000); *see also United States v. Booker*, 543 U.S. 220, 232 (2005); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007), and actual innocence, *see Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Hence v. Smith*, 37 F. Supp. 2d 970, 980 (E.D. Mich. 1999).

The Court further concludes, however, that Petitioner has made a substantial showing of the denial of a constitutional right as to his claims concerning the effectiveness of defense counsel, *see Strickland v. Washington,* 466 U.S. 668 (1984), and his right to present a defense (re-open proofs), *see Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986). While the Court continues to believe that such claims do not warrant habeas relief, it nonetheless finds that those claims warrant further review by the United States Court of Appeals for the Sixth Circuit.

Accordingly, the Court **GRANTS** a certificate of appealability as to Petitioner's claims concerning the effectiveness of defense counsel and the refusal to re-open proofs, but **DENIES** a certificate of appealability as to the other claims contained in his petition. Given this determination, the Court **GRANTS** Petitioner's application to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

                                        s/John Corbett O'Meara
                                        United States District Judge

Dated: July 10, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 10, 2007, by electronic and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager